## Staunton

ELLIS MOSES v. COMMONWEALTH OF VIRGINIA.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*T. W. Messick*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Edwin H. Gibson, Assistant Attorney-General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

Ellis Moses was convicted of receiving stolen goods and sentenced to confinement in the penitentiary for five years.

The record shows that two negroes, Ed. Walker and Nunn Brower, testified that they with Walter Brown, on May 2, 1934, broke into a railway car and stole therefrom three cases of cigarettes, and on the next day sold two of the cases to the accused for approximately one-third of their market value.

It seems that sometime prior to the date the railway car was entered, the accused had caused a warrant to be issued against one Tom Graham, for breaking and entering the accused's store. Later Tom Graham was convicted and sentenced to a term in the penitentiary. In the trial of the accused, one Irvin Payne, called in behalf of the accused, testified that he had heard Ed. Walker tell Moses that he was going to get even with him for causing Graham to be convicted. Another witness for the accused, Joe Murray, testified that he had heard Ed. Walker make the same or similar threats against the accused. On cross-examination these witnesses reiterated what they had said on direct examination. Immediately after the Commonwealth Attorney had ceased his cross-examination, the trial judge retired to chambers, and there out of the presence of the jury, and in the absence of the accused, submitted Irvin Payne and Joe Murray separately, to a rigid examination. Each finally admitted to the trial judge that the testimony which he had given before the jury was false; and that the accused had persuaded and paid them to commit perjury.

Mr. Messick, the attorney for the accused, immediately after the witnesses had made these admissions, stated to the court that he would return the fee paid him by Moses and retire from the case. The court refused to permit him to do this. He then said to the court, "In order for me to get out of the case I will ask the court to declare a mistrial on the ground that the defendant was not present when all this was done * * *.

"I don't want to put myself in the position of trying this case before the jury after this." This motion was overruled.

Irvin Payne and Joe Murray were recalled to the witness stand, and before the jury, each stated that his former testimony was false and was given at the request of the accused. No other evidence was introduced, and the case was submitted to the jury without argument.

We are in full accord with the laudable desire of the trial judge to expose perjury, but we cannot approve the conviction of the accused obtained in the manner stated.

The judgment of the trial court is reversed, the verdict of the jury is set aside, and the case is remanded.

*Reversed and Remanded.*